UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIC J. PIEPES,

                            Plaintiff,

        -against-                                            **ORDER**
                                                                  17-CV-505-SJB
NAI ENTERTAINMENT HOLDINGS LLC.,
NATIONAL AMUSEMENTS, INC.,

                            Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

In advance of the trial that is to begin next week, the parties have filed a number of motions in limine. The motions are resolved as follows:

1. Plaintiff moves to preclude Defendants from arguing at trial that Plaintiff's injuries were not causally related to Defendants' conduct. In this vein, Plaintiff contends that the Defendants must proffer an expert to challenge causation or to argue that that Plaintiff's injuries were preexisting. None of these contentions have merit and the motion is denied.

Expert testimony is "unnecessary in cases where jurors 'are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training.'" *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (quoting *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)). If, however, the "nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is . . . required." *Wills*, 379 F.3d at 46.

Plaintiff bears the burden of proof on causation in this case, and must establish that the sudden stop of the escalator operated by Defendants caused his knee and other injuries. *Porter v. Home Depot U.S.A., Inc.*, No. 12-CV-4595, 2015 WL 128017, at *3

(E.D.N.Y. Jan. 8, 2015) ("To recover in this case, Plaintiff must prove not only that negligence by Home Depot caused her to slip and fall, but also that there exists a causal connection between that fall and her claimed injuries."). He has chosen to offer proof of causation through his treating physician, who is not an expert retained for litigation. As the Court previously explained, "[t]reating physicians may be treated as fact witnesses not required to provide an expert report or summary of testimony prior to trial because they are a species of percipient witness not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." (Order dated Jan 29, 2019 ("Jan. 29 Order"), Dkt. No. 27, at 2). The Court, contrary to Plaintiff's misapprehension, did not conclude that expert testimony was necessary to demonstrate causation in this case, but simply opined on the limitations of a treating physician's testimony. *See id.*[1]

The limitations requested by Plaintiff on Defendants' arguments are inappropriate. Plaintiff cannot introduce evidence of causation—whether through an expert or otherwise—and then prohibit Defendants from arguing that "plaintiff did not sustain any causally related injury," (Plt.'s Mot. In Limine dated Sept. 9, 2019 ("Plt.'s

---

[1] Indeed, if the Court were to apply Plaintiff's supposed limitation on causation—that causation can only be presented by an expert—it would preclude Plaintiff's presentation and lead to dismissal of his claims. That is because, as the Court previously ruled, treating physicians testifying about opinions reached during treatment are fact witnesses, not expert witnesses. (Jan. 29 Order at 2); *Puglisi*, 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013) ("No expert report or summary of testimony is required for Dr. Stein to testify as a *fact* witness under Federal Rule of Evidence 701. Because Puglisi timely disclosed Dr. Stein as his treating physician, *i.e.*, a fact witness, Dr. Stein may testify as to facts acquired *and* opinions formed during his "personal consultation" with Puglisi."). Plaintiff has no experts who are testifying.

Mot.), Dkt. No. 44 at 1), as he now argues. Moreover, that the Court excluded Defendants' expert does not mean—as Plaintiff appears to believe—that causation is no longer an element for the jury's consideration. The jury is free to reject Plaintiff's doctor's and physical therapist's testimony. And Defendants can certainly argue that these Plaintiff witnesses are unbelievable, that their presentations do not establish causation, or make any other argument fairly inferable from cross-examination, fact witnesses, or the documents introduced. *E.g.*, *Porter*, 2015 WL 128017, at *7 ("Defendant may use Plaintiff's medical record dated December 1, 2010, to cross-examine Plaintiff and Plaintiff's expert witnesses regarding causation of Plaintiff's alleged injuries and damages[.]"). Furthermore, there is extensive video evidence in the case, showing when and how the escalator that Plaintiff was on came to a stop and then restarted. The same videos show Plaintiff continuing to walk and attend a movie after the escalator stopped. Whether couched as an argument drawn from common sense or human experience, Defendants can certainly argue to the jury—from this video alone— that Plaintiff's assertion that he was injured—at all—is implausible. Plaintiff is free to argue to the contrary.[2] And Plaintiff's physician—to the extent that in the course of

---

[2] Plaintiff filed a reply brief in support of his motion in limine, which is difficult to comprehend. (Reply to Resp. Mot. dated Sept. 25, 2019 ("Plt. Reply Brief"), Dkt. No. 55). Bereft of caselaw, it makes assertions about medical causation—a term not present in the original motion—and makes assertions about all manner of subjects without explaining the precise nature of the relief he is seeking. In any event, to the extent that Plaintiff contends that Defendants' lawyers may not make arguments about the video, that argument is utterly without merit. The video is a piece of evidence that will likely be admitted and shown to the jury. Defendants, and the Plaintiff, may argue to the jury what they each believe the video demonstrates or does not demonstrate. Experts on either side could have assisted the jury to determine why an injury like Plaintiff's would (or would not) appear in such a video. Plaintiff chose not to designate such an expert and chose to rely solely on the causation analysis conducted by treating doctors. Defendants proffered such an expert, who was disqualified under *Daubert* because he failed to appreciate the basic nature of the case, among other significant defects. This

3

diagnosis or treatment he made such an observation or conclusion—can explain why the knee injuries Plaintiff experienced were caused by the escalator. Defendants also have proffered that Plaintiff's case is implausible because he waited significant time before seeking medical intervention. The limitation Plaintiff asks the Court to impose would handcuff Defendants from making this and any other causation argument, even though Plaintiff bears the burden of proof, because Defendants have no expert witness. No case or rule of evidence supports such an outcome. And because such contentions can be made from the video, common sense, and the fact that Plaintiff bears the burden of proof, Defendants are free to preview such arguments in opening statements.

As to the motion to preclude Defendants from asserting that Plaintiff's injuries were preexisting, this is denied. The medical records contain various statements about prior medical treatment and diagnoses. Defendants may make arguments to the jury on the basis of these statements and cross-examine Plaintiff's witnesses about them.

2. Plaintiff has moved to limit the introduction of various exhibits due to a purported lack of foundation and for the failure of Defendants to meet and confer and submit a joint pre-trial order with Plaintiff. Defendants dispute the characterization and state that Plaintiff's foundation objections were waived. The motion is denied. The Court cannot discern from either side's papers what issues remain in dispute and what the parties have agreed upon. Objections to the exhibits will be addressed at the final pretrial conference.

---

mutual absence of expertise on the subject does not mean that either side is disqualified from making arguments to the jury about evidence that is admitted (and the jury will be told that opening statements and closing arguments are not evidence and only the views of the lawyers). Nor does it mean that causation was taken from the jury as an issue that it must decide.

3. Defendants have moved to preclude Plaintiff's physical therapist from providing any testimony regarding diagnosis of Plaintiff, the permanent nature of any injury or the cause of any injury. The motion is denied.

Plaintiff contends that the Court previously found that Plaintiff's physical therapist, Dr. Rando, could give testimony on these topics. The Court did so find, but in error, because the Court was under the mistaken impression that Dr. Rando was a "treating physician." (Jan. 29 Order at 1). The Court was led astray in part by Plaintiff's letters which indicated that Dr. Rando was a "treating doctor," referring to both Dr. Rando, who is a physical therapist with a doctorate, and Dr. Fisher, who is a physician with a medical degree, collectively as Plaintiff's "treating doctors." (Letter Brief dated Dec. 12, 2018 ("Dec. 12 Letter"), Dkt. No. 24 at 1). The letter also quotes extensively from a decision involving a treating physician and refers then to both witnesses as "treating doctors." *Id.* at 2. While it was perhaps not an intentional attempt to mislead the Court, it is certainly less than pellucid or accurate to elide the differences between the two proffered witnesses—one an M.D., the other a physical therapist with a doctorate—and repeatedly call them "treating doctors."

In any event, Defendants' motion is without merit. Defendants cite to a series of Third Department New York State Appellate Division cases that contain the same or similar language: a physical therapist "'cannot render a diagnosis, form a prognosis, or determine permanency or duration of physical limitations.'" *Rogers v. McLamb*, No. 04 CIV 7043, 2006 WL 2734228, at *8 (S.D.N.Y. Sept. 22, 2006) (quoting *Tornatoure v. Haggerty*, 763 N.Y.S.2d 344, 345 (3d Dep't 2003)); *accord Delaney v. Lewis*, 682 N.Y.S.2d 270, 272 (3d Dep't 1998). None of these cases cite a New York rule of evidence or CPLR provision for this supposed evidentiary limitation. It appears this conclusion

5

was first made by a county court judge in *Caputo v. Cradle*, 443 N.Y.S.2d 807, 809 (Nassau Co. Ct. 1981), and then repeated without clarification for years. The decision in *Caputo* is based upon an analysis of the New York State Education Law § 6731, which at the time provided that a physical therapist's treatment may only be rendered pursuant to a physician's referral and "in accordance with their diagnosis." *Id.* On that basis, *Caputo* concluded that a physical therapist could not make any "independent" diagnoses on his or her own. *Id.* This is not a conclusion that flows from any law of evidence, nor is it one that makes much sense in light of other provisions of Section 6731 of New York State Education Law, which define the practice of physical therapy as including the performance of tests and measurements "to determine treatment and assist in diagnosis and prognosis" of "disability, injury, or other condition of health." But the *Caputo* limitation on physical therapist testimony, to the extent it is even a valid one, should only be read in the context of that case, which involved interpreting provisions of New York's No Fault Insurance Law and determining whether the plaintiff suffered a "serious injury."[3] *Caputo*, 443 N.Y.S.2d at 809. The present case is not a motor vehicle action, and therefore the New York Insurance Law is irrelevant, and there is no basis to conclude that a physical therapist's own evaluation, treatment, and opinions cannot be considered by the jury. Dr. Rando may testify consistent with the limitations outlined in the Court's order stated January 29, 2019.

---

[3] *Caputo* addressed Insurance Law § 671(4), is now codified, at § 5102(d).

4. Defendants seek to preclude plaintiff from recovering out-of-pocket medical expenses or economic damages. Plaintiff agrees he is not seeking such damages, and they may not be awarded by the jury.

SO ORDERED.

*/s/ Sanket J. Bulsara* Sept. 26, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York