UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ERIC J. PIEPES,

Plaintiff,

-against-

NAI ENTERTAINMENT HOLDINGS LLC
NATIONAL AMUSEMENTS INC.

Defendants.

---------------------------------------------------------------x

**JURY INSTRUCTIONS**

Ladies and Gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of each side, it is my duty to instruct you as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case. I ask that you give me that same careful attention as I give you these final instructions.

As you know, the plaintiff, Eric J. Piepes, claims that on June 17, 2015 he suffered injuries to his back and knee as a result of the escalator operated by defendants. The defendants NAI Entertainment Holdings LLC and National Amusements Inc. concede they were negligent in the use, operation and control of the escalator. However, they dispute that the escalator was a proximate cause, that is a substantial factor, of the plaintiff's alleged injuries.

My instructions to you will be in three parts:

**First**, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

**Second**, I will instruct you as to the legal elements of plaintiff's claim; and

**Third**, I will give you some general rules regarding your deliberations.

COURT EXHIBIT
17-cv-505
#1

## PART ONE: GENERAL RULES

### I. ROLE OF THE COURT AND THE JURY

Let me start by defining our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case, and to do that with complete impartiality and without bias, prejudice, or sympathy. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts that may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence. Therefore, with respect to any question concerning the facts, it is your recollection of the facts— not counsels' recollections, as expressed in opening or closing statements, or my recollections if I have referred to testimony or other evidence—that controls.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not your notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

My job is to instruct you on the law. You must apply the law in accordance with my instructions to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your

oaths as jurors to base your verdict upon any other view of the law than that given to you in these instructions.

If any of the lawyers have stated a legal principle which differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound by your oath as jurors to follow them.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. Nothing I have said or done in the course of the trial should be taken by you as expressing any opinion about the facts. On occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by the Court. Similarly, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion concerning the credibility of that evidence or the weight it should be given.

## II. The Definition of Evidence

You must determine the facts in this case based solely on the evidence or those inferences which can reasonably be drawn from the evidence. I will now instruct you on what evidence is and how you should consider it.

Evidence has been presented to you in the following forms:

**First**: Sworn testimony from the witnesses you have heard during the trial, both on direct examination and cross examination.

I emphasize that it is the answers of the witnesses that are evidence; the questions asked by the attorneys are not evidence. At times, an attorney may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true. If the witness denied the truth of the statement, and if there was no other evidence introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a question. On the other hand, if the witness acknowledged the truth of the statement, you may of course consider the witness' answer as evidence that the statement is in fact true.

**Second**: Exhibits that have been received in evidence by the court are evidence. If any exhibits have only been marked for identification, but have not been received in evidence, you should not consider them as evidence.

Certain other things are not evidence and are to be disregarded by you in deciding what the facts are.

**First**: Arguments or statements by any of the attorneys.

**Second**: Objections to the questions or to the offered exhibits.

Speaking of objections, you should recognize that attorneys have a duty to object when they believe evidence should not be received and, therefore, you should not hold the fact that they may have made objections against the other party.

**Third**: Do not consider testimony that has been excluded, stricken, or that you have been instructed to disregard. On the other hand, if an objection was raised as to a certain question or testimony, and that objection was overruled, treat the answer to that question or that testimony like any other answer or testimony.

**Fourth**: Anything I may have said or done is not evidence, except to the extent that I have asked questions of the witnesses, in which case their answers are evidence. Do not attach any special weight to the answers given by a witness to any questions simply because I was the one who asked them.

**Fifth**: Obviously, anything you may have seen or heard outside the courtroom is not evidence.

You should note that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## III. Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weights to be given to these two types of evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny and dry. However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without ever looking outside, you

would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of one fact from one or more established other facts.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences. The defendants ask you to draw another set of inferences. It is for you, and you alone, to decide what inferences you will draw.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

## IV. WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe.

You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of a witness' credibility must depend in large part upon the impression that witness made upon you, specifically, whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness' testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness' opportunity to see, hear, and know about the events he or she described;
- the witness' ability to recall and describe those things;
- the witness' manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;
- how the witness' testimony on direct examination compared with how the witness testified on cross-examination;
- the reasonableness of the witness' testimony in light of all the other evidence in the case;
- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and
- whether a witness' testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

In deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or

contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or small detail. Also bear in mind that two people witnessing a single event may observe it differently and remember it differently. If you find that any statement made by a witness during this trial is false, in whole or in part, you may disregard the particular part you find to be false; or, if you conclude that a witness' false statement about one fact makes it likely that the witness has testified falsely about everything, you may disregard his or her entire testimony as not worthy of belief.

## V. Impeachment By Prior Inconsistent Statement

During the course of this trial, you may have heard testimony and evidence that counsel argues is inconsistent with what a witness has said or done at an earlier point in time before the trial, including either at a deposition or a prior trial in this case.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who has contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own

good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## VI. All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing. A corporation is entitled to the same fair trial as a private individual. All persons, corporations, and other organizations stand equal before the law and are to be treated as equals.

## VII. Burden of proof: Preponderance of the Evidence

As a general rule, in a civil action such as this, plaintiff, Mr. Piepes, has the burden of proving each of the essential elements of his claims by a preponderance of the evidence. If the proof fails to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendants.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely than not to have occurred. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely true than not true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who

may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If the evidence that supports the plaintiff's claim, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what he seeks to prove is more likely true than not true, you must find for the plaintiff, Mr. Piepes. If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the party having the burden of proof, plaintiff, is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or plaintiff in this case. That is because the party bearing the burden, in this case, plaintiff, must prove more than simply equality of evidence—plaintiff must prove the element at issue by a preponderance of the evidence. On the other hand, plaintiff need prove his case by no more than a preponderance of the evidence. So long as you find that the scales tip, however slightly, in favor of plaintiff—that what he claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## VIII. Special Verdict Sheet

Before I explain the substantive law that is applicable to this case, I would like to direct your attention to the copies of my instructions that you are now holding. I have prepared a special verdict sheet to assist you in keeping track of the factual issues that you must resolve. In short, you will not simply be returning a verdict for the plaintiff or

for the defendants. You will be resolving specific issues. I will then enter a verdict consistent with your findings.

## PART TWO: SUBSTANTIVE LAW

I will now turn to the second part of these instructions and define for you the legal elements of plaintiff's claims. In this lawsuit, the defendants have admitted they were negligent in the use, operation and control of the escalator. However, they contend that the escalator was not a proximate cause of plaintiff's injuries. Accordingly, I will first instruct you with respect to proximate cause. I will then give you instructions that will guide you as to how to calculate damages, to the extent you find an award of damages is warranted by the testimony and evidence in this case and the law I am about to instruct you on.

### I. PROXIMATE CAUSE

Plaintiff has the burden of proving that defendants' negligence was a proximate cause of the injuries he sustained from the incident on June 17, 2015. What do we mean by the phrase "proximate cause"? An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about the injury; that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. Here, the plaintiff claims, and has the burden of proving, that the escalator was a proximate cause of his injuries.

It is important to remember that there can be more than one proximate cause of an injury. Many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause an accident; and in such a case, each may be a proximate cause. If you find that the defendants' negligence was not a proximate cause of any injury to plaintiff, Mr. Piepes, you should then find for the

defendants, NAI Entertainment Holdings LLC and NAI Amusements, Inc., and you should go no further. If you find that defendants' negligence was a proximate cause of any injury to plaintiff, then you will continue on to the issue of damages.

## II. DAMAGES

I will now instruct you with reference to damages. My charge to you on the law of damages must not be taken as a suggestion that you should find that any injuries were proximately caused by the escalator. It is for you to decide on the evidence presented and the rules of law I have just given to you whether plaintiff is entitled to recover from the defendants. If you decide that plaintiff is not entitled to recover from the defendants, you need not consider damages.

If, however, you determine that any of plaintiff's injuries were proximately caused by the escalator, you must next determine the measure of damages that plaintiff is entitled to recover from defendants. Any award of damages must justly and fairly compensate Mr. Piepes for all injuries and disabilities proximately caused by the escalator. The burden is on Mr. Piepes to prove his injuries or damages by a preponderance of the evidence.

Your purpose in awarding damages is not to punish the defendants or to enrich the plaintiff. Any award of damages that you make must be reasonable and commensurate with the nature and extent of the injury actually sustained. Once again, the burden is on plaintiff to prove his injuries or damages by a preponderance of the evidence.

You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for any prospective or future loss which, although possible, is not reasonably certain to occur in the future. Nor may you award damages

against defendants for any injury or condition suffered by plaintiff that he does not show, by a preponderance of the evidence, to have been caused by the escalator.

In this case, plaintiff's claim for damages results from injuries he says he sustained to his back and knee. But before we get into the specific types of damages, I want to mention something in regards to what you've already heard from counsel on the issue of damages. During their respective closing remarks, counsel for plaintiff and defendants suggested a specific dollar amount that they believe to be appropriate compensation for specific elements of plaintiff's damages. The attorneys are permitted to make suggestions as to the amount that should be awarded. Those suggestions, however, are just that—suggestions. They are argument and not evidence and you should not consider them as evidence of plaintiff's damages. The determination of how much, if anything, to award in damages is solely a matter for you, the jury, to decide.

**A. <u>Pain and Suffering</u>**

If you find for the plaintiff, you should compensate him for any conscious pain and suffering that occurred as a result of the escalator. Conscious pain and suffering means pain and suffering of which the plaintiff was aware. The amount should reflect any pain and suffering already suffered by the plaintiff resulting from the incident, as well as any physical consequences, and any pain and suffering which you find from the evidence that plaintiff is reasonably certain to suffer in the future.

In determining the amount, if any, to be awarded to Mr. Piepes for pain and suffering, you may also take into consideration the effect that his injuries have had or will have on his ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities that were a part of the person's life before the injury, and to experience the pleasures of life. To recover for loss

of enjoyment of life, the plaintiff must be aware of the loss that he has suffered. Therefore, if you find that Mr. Piepes, as a result of his injuries, suffered some loss of the ability to enjoy life and is aware of the loss, you may take that loss into consideration in determining any amount to be awarded to him for pain and suffering.

Placing a dollar value on pain and suffering is a difficult task. You must use your best judgment. The nature of proof on questions of pain and suffering is necessarily subjective; however, again, plaintiff is not entitled to recover for pain and suffering upon mere speculation or conjecture.

**B. <u>Aggravation of Pre-Existing Injury</u>**

If you find that before the incident on June 17, 2015, Mr. Piepes had a pre-existing condition and further find that, because of the escalator, this condition was aggravated so as to cause increased suffering and disability, then the plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to the incident or for any injuries from which he may now be suffering which were not caused or contributed to by the escalator. In other words, the plaintiff may only recover for damage caused by an aggravation of the pre-existing condition, not for merely having the condition itself. Therefore, with respect to any pre-existing condition you find Mr. Piepes had before June 17, 2015, he should be compensated only to the extent that you find his condition was made worse by and through defendants' negligence.

Nevertheless, the fact that Mr. Piepes may have had a physical or mental condition that makes him more susceptible to injury than a normal healthy person does not relieve the defendants of liability for all injuries sustained as a result of defendants'

negligence. Defendants would still be liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstances.

### C. Life Expectancy Awards of Future Damages, Interest and Taxes

If you find that any of plaintiff's injuries are permanent, you must make such allowances in your verdict as you think that circumstances warrant, taking into consideration the period of time that elapsed from the date of injury to the present time, and the period of time the plaintiff can be expected to live. In connection with any award of future damages, I point out to you that Mr. Piepes is now 63 years of age and, according to the life expectancy tables, he has a life expectancy of approximately 20 more years. These tables merely show estimates of the probable average remaining life span of all persons in the United States of a given age and sex, and these estimates are based upon a limited record of experience. They neither assure that plaintiff will live another 20 years nor assure that plaintiff will not have a longer life. The life expectancy figures are not binding on you, but you may consider them together with your experience and the evidence you have heard concerning the condition of Mr. Piepes' health, his habits, employment, and activities in determining what plaintiff's present life expectancy is.

Insofar as you determine that plaintiff is entitled to an award for any future damages, also bear in mind that a given sum of money paid now is worth more than the same amount received in installments over the future. This is, of course, because money received today can be invested and earn interest. Accordingly, you must decide what amount, if awarded by you today and prudently invested, will adequately compensate

plaintiff for any future damages you find. You may, of course, also take into account the likelihood of any future inflation.

You should be aware that if you make an award of damages to plaintiff, that award is not subject to income taxes. Therefore, you should not add any amount to the total award in the mistaken belief that such taxes would be due.

### D. A Final Word on Damages

I repeat that the fact that I have instructed you as to the proper measure of damages should not be considered by you as suggesting that I have any view about what your verdict should be. Instructions on the measure of damages are required for your guidance in the event that you find that according to the instructions I have given you, plaintiff, Mr. Piepes, has established by a preponderance of the evidence that (i) he sustained injuries that were proximately caused by the escalator, and (ii) he is entitled to damages.

## PART THREE: CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That matter is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the

law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law I have instructed you on.

### I. Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### II. Communication with the Court

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### III. Juror's Recollection Governs

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony or instructions read back to you. Again, you

may make such a request by a note signed by the foreperson and handed to a marshal. I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations. Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record. During the trial certain items were received into evidence as exhibits. If, after you have begun your discussions of the case, you think it would be helpful to have any of the exhibits with you in the jury room, you may make the request by signed note to the marshal and I will send the exhibits in to you.

## IV. Deliberations and Unanimous Verdict

Your duty is to reach a fair conclusion from the law and the evidence. It is a fundamentally important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further on which you need to be instructed.

February 13, 2020
Brooklyn, New York